United States District Court
Southern District of Texas

**ENTERED**

January 30, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CEDRIC BROWN, | § | |
| SPN #02381691, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. H-23-4281 |
| v. | § | |
| | § | |
| SHERIFF ED GONZALEZ, et al., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff, Cedric Brown (SPN #02381691), has filed a
Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983
("Complaint") (Docket Entry No. 1), alleging that officials in
charge of the inmate trust fund at the Harris County Jail have
denied him a certified copy of his inmate trust fund account
statement, which has interfered with his ability to access the
courts. Because Brown is a prisoner who proceeds in forma
pauperis, the court is required to scrutinize the claims and
dismiss the Complaint, in whole or in part, if it determines that
the Complaint "is frivolous, malicious, or fails to state a claim
upon which relief may be granted" or "seeks monetary relief from a
defendant who is immune from such relief." 28 U.S.C. § 1915A(b);
28 U.S.C. § 1915(e)(2)(B). After considering all of the pleadings,
the court concludes that this case must be dismissed for the
reasons explained below.

## I.  <u>Background</u>

Brown is presently in custody at the Harris County Jail (the "Jail"), which is operated by the Harris County Sheriff's Office ("HCSO") in Houston, Texas.[1]  Public records reflect that Brown is in custody as the result of several serious felony charges that are pending against him in the 263rd District Court for Harris County - including murder, aggravated assault on a family member, assault, and possession of a firearm by a previously convicted felon.[2]

Brown has filed this lawsuit under 42 U.S.C. § 1983 against the following defendants:  (1) Harris County Sheriff Ed Gonzalez; and (2) the "Inmate Bank" operated by HCSO at the Jail.[3]  Brown alleges that unidentified officials at the Jail failed or refused to provide him with documentation in the form of a signed copy of his inmate trust fund account statement in connection with a civil rights case that he filed in the Western District of Texas, Pecos Division.[4]  Without this documentation Brown fears that he will be

---

[1]Complaint, Docket Entry No. 1, pp. 1, 3.  For purposes of identification, all page numbers refer to the pagination imprinted at the top of each docket entry by the court's electronic filing system, CM/ECF.

[2]<u>See</u> Harris County Sheriff's Office, Jail Information, available at: <u>https://www.harriscountyso.org</u> (last visited Jan. 29, 2024) (reflecting charges in Case Nos. 169519801010, 172307401010, 17231330101, and 172313401010 that are pending in the 263rd District Court for Harris County, Texas).

[3]Complaint, Docket Entry No. 1, p. 3.

[4]<u>Id.</u> at 3-4.

denied leave to proceed <u>in forma pauperis.</u>[5]  Prisoners are required
by the Prison Litigation Reform Act ("PLRA") to submit a certified
inmate trust fund account statement or institutional equivalent in
support of any request for leave to proceed <u>in forma pauperis.</u>  See
28 U.S.C. § 1915(a)(2).  Brown asks the court to order officials at
the Jail's Inmate Bank to issue an inmate trust fund account
statement.[6]

## II.  <u>Standard of Review</u>

Federal courts are required by the PLRA to screen prisoner
complaints to identify cognizable claims or dismiss the action if
it is frivolous, malicious, or fails to state a claim upon which
relief may be granted.  <u>See Crawford-El v. Britton,</u> 118 S. Ct.
1584, 1596 (1998) (summarizing provisions found in the PLRA,
including the requirement that district courts screen prisoners'
complaints and summarily dismiss frivolous, malicious, or meritless
actions); <u>see also Coleman v. Tollefson,</u> 135 S. Ct. 1759, 1761-62
(2015) (discussing the screening provision found in the federal <u>in</u>
<u>forma pauperis</u> statute, 28 U.S.C. § 1915(e)(2), and reforms enacted
by the PLRA that were "'designed to filter out the bad claims
[filed by prisoners] and facilitate consideration of the good'")
(quoting <u>Jones v. Bock,</u> 127 S. Ct. 910, 914 (2007)) (alteration in
original).

---

[5]<u>Id.</u> at 4.

[6]<u>Id.</u>

A complaint is frivolous if it "'lacks an arguable basis either in law or in fact.'" <u>Denton v. Hernandez,</u> 112 S. Ct. 1728, 1733 (1992) (quoting <u>Neitzke v. Williams,</u> 109 S. Ct. 1827, 1831 (1989)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." <u>Harper v. Showers,</u> 174 F.3d 716, 718 (5th Cir. 1999) (citations and internal quotation marks omitted). "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." <u>Talib v. Gilley,</u> 138 F.3d 211, 213 (5th Cir. 1998) (citation omitted).

To avoid dismissal for failure to state a claim, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level[.]" <u>Bell Atlantic Corp. v. Twombly,</u> 127 S. Ct. 1955, 1965 (2007) (citation omitted). If the complaint has not set forth "enough facts to state a claim to relief that is plausible on its face," it must be dismissed. <u>Id.</u> at 1974. A reviewing court must "'accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff.'" <u>Heinze v. Tesco Corp.,</u> 971 F.3d 475, 479 (5th Cir. 2020) (citation omitted). But it need not accept as true any "conclusory allegations, unwarranted factual inferences, or legal conclusions." <u>Id.</u> (internal quotation marks and citations omitted); <u>see also</u> <u>White v. U.S. Corrections, L.L.C.,</u> 996 F.3d 302, 306-07

-4-

(5th Cir. 2021) (same).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (citing <u>Twombly</u>, 127 S. Ct. at 1965).

Because the plaintiff represents himself, his <u>pro se</u> pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." <u>Haines v. Kerner</u>, 92 S. Ct. 594, 596 (1972) (per curiam).  Even under this lenient standard a plaintiff must allege sufficient facts which, when taken as true, state a claim for relief that is plausible on its face.  <u>Legate v. Livingston</u>, 822 F.3d 207, 210 (5th Cir. 2016) (citation omitted).

### III. <u>Discussion</u>

#### A. Claims Against Sheriff Gonzalez

Brown has sued Sheriff Gonzalez in his supervisory capacity over the HCSO.[7]  Brown does not allege facts showing that Sheriff Gonzalez had any personal involvement with his request for an inmate trust fund account statement.  Personal involvement is an essential element of a civil rights cause of action under 42 U.S.C. § 1983.  <u>See Murphy v. Kellar</u>, 950 F.2d 290, 292 (5th Cir. 1992) (plaintiff bringing a § 1983 action "must specify the personal involvement of each defendant").  Therefore, Brown fails to state a claim against Sheriff Gonzalez.

--------

[7]<u>Id.</u> at 1, 3.

-5-

**B.   Claims Against the Inmate Bank**

The Inmate Bank or inmate trust fund is a department within the Jail that is operated by HCSO.    As a subdivision of Harris County, however, neither the Inmate Bank, the Jail, nor the HCSO has the capacity to be sued as required by Fed. R. Civ. P. 17(b).  See Aguirre v. Harris County Sheriff's Office, Civil Action No. H:11-3440, 2012 WL 6020545, at *2 (S.D. Tex. Nov. 30, 2012); Lane v. Harris County Jail Medical Dep't, Civil Action No. H-06-0875, 2006 WL 2868944, at *7 (S.D. Tex. Oct. 5, 2006); see also Potts v. Crosby Ind. Sch. Dist., 210 F. App'x 342, 344-45 (5th Cir. 2006) (per curiam) (upholding dismissal of claims against the Harris County Sheriff's Office on the grounds that, as a "non sui juris division of Harris County," it lacked the capacity to be sued) (citing Darby v. Pasadena Police Dep't, 939 F.2d 311, 313 (5th Cir. 1991)).  Absent the requisite legal capacity Brown fails to state a claim upon which relief may be granted against the Inmate Bank, the Jail, or HCSO.

Brown also does not have a valid claim for relief under 42 U.S.C. § 1983 against Harris County.  A municipal entity is not vicariously liable under a theory of respondeat superior for wrongdoing committed by its employees.  See Monell v. Dep't of Social Services of City of New York, 98 S. Ct. 2018, 2036 (1978) ("[W]e conclude that a municipality cannot be held liable solely because it employs a tortfeasor — or, in other words, a municipality cannot be held liable under § 1983 on a respondeat

superior theory.") (emphasis in original).  To state a claim for municipal liability under 42 U.S.C. § 1983, a plaintiff must allege facts identifying "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy (or custom)."  Pineda v. City of Houston, 291 F.3d 325, 328 (5th Cir. 2002); see also Monell, 98 S. Ct. at 2037-38.

Brown does not allege facts that are sufficient to establish a policy or to state a claim for relief against Harris County as a municipality.  See Peterson v. City of Fort Worth, Texas, 588 F.3d 838, 847 (5th Cir. 2009) ("A municipality is almost never liable for an isolated unconstitutional act on the part of an employee; it is liable only for acts directly attributable to it 'through some official action or imprimatur.'") (quoting Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001)).

More importantly, Brown does not otherwise have a valid claim regarding his allegation that unidentified officials at the Jail have interfered with his right to access the courts by denying him an inmate trust fund account statement.  Prisoners have a clearly established constitutional right of access to the courts.  See Clewis v. Hirsch, 700 F. App'x 347, 348 (5th Cir. 2017) (per curiam) (citing Bounds v. Smith, 97 S. Ct. 1491, 1493-94 (1977).  That right is not unlimited, however, and "encompasses only a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement."  Jones

v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999) (citing Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997)).  "Any deliberate impediment to access, even a delay of access, may constitute a constitutional deprivation." Jackson v. Procunier, 789 F.2d 307, 311 (5th Cir. 1986)  (citations omitted).  To prevail a prisoner must demonstrate an actual injury stemming from the alleged impediment. See Lewis v. Casey, 116 S. Ct. 2174, 2180 (1996); see also Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999) (explaining that the Supreme Court, in Lewis, "held that an inmate alleging denial of access to courts must demonstrate an actual injury stemming from defendants' unconstitutional conduct").

Brown discloses that he filed a civil rights action against the "West TX Facility" and "Lubbock Hospital" in Case No. 4:23-cv-0040 in the Western District of Texas, Pecos Division.[8]  In deciding whether to dismiss a complaint a court may take judicial notice of "matters of public record." Norris v. Hearst Trust, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing Cinel v. Connick, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)); see also Funk v. Stryker Corp., 631 F.3d 777, 783 (5th Cir. 2011) ("[T]he district court took appropriate judicial notice of publicly-available documents and transcripts . . . which were matters of public record directly relevant to the issue at hand.").  Court records from the Western District of Texas, Pecos Division, reflect that Brown was granted

_____

[8]Id. at 2.

-8-

leave to proceed _in forma pauperis_ on November 7, 2023.[9]  The case was later dismissed without prejudice on December 21, 2023, after Brown failed to respond to a court order directing him to identify proper defendants.[10]

Because Brown was granted leave to proceed _in forma pauperis_ in the case that he filed in the Western District of Texas, Pecos Division, he cannot show that he suffered an actual injury or that he was denied access to the courts for lack of an inmate trust fund account statement.  Brown does not otherwise allege facts upon which liability can be based against any of the defendants. Therefore, his Complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim under 42 U.S.C. § 1983.

### IV.   Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1.   The Prisoner's Civil Rights Complaint filed by Cedric Brown (Docket Entry No. 1) is **DISMISSED WITH PREJUDICE**.

2.   The dismissal will count as a strike for purposes of 28 U.S.C. § 1915(g).

---

[9]_See_ Order Regarding Motion to Proceed In Forma Pauperis and Advisory, Docket Entry No. 10 in _Brown v. West Texas Facility (Federal), Lubbock Hospital_, No. PE:23-CV-00040-DC (W.D. Tex. Nov. 7, 2023).

[10]_See_ Order Dismissing Case for Want of Prosecution, Docket Entry No. 12 in _Brown v. West Texas Facility (Federal), Lubbock Hospital_, No. PE:23-CV-00040-DC (W.D. Tex. Dec. 21, 2023).

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff.    The Clerk will also send a copy of this Order to the Manager of Three Strikes List at Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas, on this 30th day of January, 2024.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

-10-